# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MICHELLE HOYLMAN,**
**Respondent below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-146** (Fam. Ct. Kanawha Cnty. No. 17-D-76)

**ANTHONY HOYLMAN,**
**Petitioner below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle Hoylman ("Wife") appeals the August 15, 2022, order of the Family Court of Kanawha County. Respondent Anthony Hoylman ("Husband") filed a timely response.[1] Wife did not file a reply. The issue on appeal is whether the family court abused its discretion by ordering the wife to pay the husband $500.00 as punitive damages for criminal contempt to follow the family court's order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties divorced by order entered April 14, 2017. Per the divorce order, the husband was awarded the former marital residence which consisted of a single-wide trailer on a parcel of real property. On April 20, 2022, the husband filed a petition for contempt, alleging that the wife refused to sign the request for duplicate title which would allow the marital residence to be titled solely in the husband's name. The contempt hearing was held on April 28, 2022. At the hearing, the wife's then-attorney informed the court that the wife was uncomfortable meeting the husband because he was dangerous, and a domestic violence protective order was in effect. The husband, after digging through paperwork, presented the request for duplicate title at the hearing, the wife signed the same, and the family court ordered that any further required paperwork should be taken to the wife's attorney for her signature. The wife was not held in contempt at the first hearing.

---

[1] Wife and Husband are both self-represented.

1

On June 7, 2022, the husband filed a second petition for contempt, alleging that the wife again refused to sign the necessary paperwork to place the title to the trailer in the husband's name thereafter. The wife's attorney filed a motion to withdraw as counsel. On July 25, 2022, the family court entered an order granting the motion to withdraw. The second contempt hearing was held on August 8, 2022, and the wife failed to appear and no counsel appeared on her behalf. By order entered on August 15, 2022, the family court found the wife to be in contempt of the April 28, 2022, order, issued a capias for her arrest, and ordered her to pay the husband $500.00 in "punitive damages for the husband's time and aggravation." That same day, the court entered a separate order appointing a special commissioner to act on the wife's behalf.

On August 16, 2022, upon learning of the capias, the wife turned herself in to the family court. The judge went on record, called the husband, and asked that he get everything handled at the DMV that day if possible. The wife attempted to explain that she went to the DMV on June 6, 2022, before the contempt petition was ever filed to handle her part of the transaction; the wife attempted to present a receipt from the DMV with a time and date stamp but the court refused to consider the documentation. The wife also attempted to explain that she failed to appear for the contempt hearing on August 8, 2022, because her minor child had surgery at Cincinnati Children's Hospital. The wife further tried to present evidence that she attempted to get the court date changed but was unable to drive to the family court to fill out a request for continuance due to her child's surgery and being in Cincinnati.

The wife was ordered to jail, without the opportunity to present evidence in her defense. The wife informed the family court judge that she had a four-year-old child at home and no one to watch the child if she was placed in jail. The family court informed the wife the child could go into CPS's custody and had the wife immediately placed in holding to be sent to jail. Later that day, the husband appeared in court and had been unable to get title transferred at the DMV. The wife was brought back to the courtroom for the second part of the proceeding and once again was ordered back into jail and was advised that she would stay there until the husband was able to get the transfer of title effectuated.

The next day, on August 17, 2022, the wife paid $500 for the special commissioner's fee and was released from jail. The husband filed a third petition for contempt on September 12, 2022, because the wife has not paid him the $500 punitive damages as directed by the family court's August 15, 2022, order. On September 30, 2022, the wife filed the instant appeal of the family court's ruling that she pay the husband $500.00 in punitive damages.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions

2

of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

Whether a contempt is classified as civil or criminal does not depend upon the act constituting such contempt because such act may provide the basis for either a civil or criminal contempt action. Instead, whether a contempt is civil or criminal depends upon the purpose to be served by imposing a sanction for the contempt and such purpose also determines the type of sanction which is appropriate. Syl. Pt. 4, *Boarman v. Boarman*, 210 W.Va. 155, 556 S.E.2d 800 (2001) (citing Syl. pt. 1, *State ex rel. Robinson v. Michael,* 166 W.Va. 660, 276 S.E.2d 812 (1981)).

A family court judge may enforce compliance with their lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant. Sanctions must give the contemnor an opportunity to purge himself or herself. In selecting sanctions, the court must use the least possible power adequate to the end proposed. A person who lacks the present ability to comply with the order of the court may not be confined for a civil contempt. Sanctions may include, but are not limited to, seizure or impoundment of property to secure compliance with a prior order. Ancillary relief may provide for an award of attorney's fees. *See* W. Va. Code § 51-2A-9(b).

Pursuant to West Virginia Code § 48-1-304(a)-(b), upon a verified petition for contempt and notice of hearing, a hearing must be provided. If the petition alleges criminal contempt, or the court informs the parties that the matter will be treated and tried as a criminal contempt, the matter shall be tried in the circuit court before a jury. If the court elects to treat a finding of criminal contempt as a civil contempt and the court further finds the person has the ability to purge themself of contempt, the court shall afford the contemnor a reasonable time and method whereby they may purge themself of contempt. The family court has the same power and authority as the circuit court under the provisions of this section for criminal contempt proceedings which the circuit court elects to treat as civil contempt.

On appeal, the wife asserts that the family court abused its discretion in ordering her to pay the husband $500.00 punitive damages. We agree. Upon review of the record, we find reversible error in the family court's order of August 15, 2022. The wife surrendered herself on August 16, 2022, after learning of the capias issued by the family court.[2] Due process requires that the family court hold a hearing on the matter of contempt and allow the wife to present evidence in her defense. From said hearing, the family court then must determine whether the wife acted willfully in failing to comply with a court order and

---

[2] The record before us is devoid of any order reflecting the August 16, 2022, hearing. The recording from August 16, 2022, hearing was reviewed by this court.

determine if the wife has the ability to purge herself of the contempt; and if so, give her reasonable time by which she may purge herself. On August 16, 2022, the wife was not afforded the opportunity to present evidence in her defense or purge herself of the contempt.[3]

Accordingly, we reverse and remand the family court's August 15, 2022, order for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] Upon review of the recordings of the April 28, 2022, and August 16, 2022, hearings, this Court must note concern in regard to the behavior of the family court judge. The hearing recordings begin immediately with the judge screaming at the parties and chastising their behavior. Further, the judge refuses to allow the wife to present any testimony or evidence in her defense, but instead screams over the parties and "doesn't want to hear it" in regard to any testimony. While the family court judge was undoubtedly irritated and frustrated, and possibly justifiably so, with the actions or inactions of the parties, we remind the court of the ethical duty to treat litigants in the courtroom with respect and dignity, and maintain decorum in the courtroom to ensure parties receive a fair and impartial hearing.